UNITED STATES of America,

v.

Errol Anthony LAWRENCE, Defendant.

No. 97–CR–095A.

United States District Court,
W.D. New York.

Aug. 27, 1997.

Joseph B. Mistrett, Buffalo, NY, Jack Sachs, New York City, for Errol Anthony Lawrence.

Joseph James Karaszewski, U.S. Attorney, Buffalo, NY, for U.S.

### ORDER

ARCARA, District Judge.

This case was referred to Magistrate Judge Carol E. Heckman, pursuant to 28 U.S.C. § 636(b)(1), on May 15, 1997. Defen-

dant moved to transfer these proceedings to the Southern District of New York pursuant to 8 U.S.C. § 1105(a)(5) for a hearing on the issue of defendant's nationality. On June 23, 1997, Magistrate Judge Heckman filed an Order denying defendant's motion. On July 7, 1997, defendant filed an objection to the Magistrate Judge's Order and the government filed a response thereto on July 22, 1997. The Court held oral argument on the objections on July 29, 1997.

Pursuant to 28 U.S.C. § 636(b)(1)(A), the district court "May reconsider any pretrial matter under this subparagraph (A), where it has been shown that the magistrate's order is clearly erroneous or contrary to law." *Id.* The Court has carefully reviewed the submissions of the parties and Magistrate Judge Heckman's Order, and having considered oral argument from counsel, the Court finds that the Order was neither clearly erroneous nor contrary to law.

**Accordingly,** defendant's objections to Magistrate Judge Heckman's June 23, 1997 Order are denied.

IT IS SO ORDERED.

### ORDER

HECKMAN, United States Magistrate Judge.

This case was referred to the undersigned by the Hon. Richard J. Arcara for pre-trial matters in accordance with 28 U.S.C. § 636(b)(1)(A) and (B). Defendant has moved to transfer these proceedings to the Southern District of New York pursuant to 8 U.S.C. § 1105a(a)(5) for a hearing on the issue of defendant's nationality (Item 3). For the following reasons, defendant's motion is denied.

### BACKGROUND

Defendant makes the following claims which the government does not dispute. Defendant was born in Jamaica, W.I. on November 25, 1966 (Item 3, Ex. A). His parents were not married and did not marry after his birth. Defendant's father, Clifford S. Lawrence, later moved to the United States. In 1973, defendant, who was then

seven years old, was admitted to the United States as a lawful permanent resident as the minor child of Clifford S. Lawrence. On his admission to the United States, defendant lived with his father and step-mother. Clifford S. Lawrence became a naturalized U.S. citizen on January 14, 1981 (Item 3, Ex. B) when defendant was 14 years old.

On April 23, 1997, a Criminal Complaint was filed against defendant alleging that he violated 8 U.S.C. § 1326(a) in that he was found in the United States after being deported (Item 1). The affidavit submitted in support of the complaint states that defendant Errol A. Lawrence was ordered deported from the United States by an Immigration Judge on October 16, 1989 (Id.). The order was upheld on appeal by the Board of Immigration Appeals, and defendant was deported to Jamaica on June 28, 1993 (Id.). The circumstances surrounding defendant's deportation are not included in the record before this court.

On January 3, 1997, defendant was found in the United States while incarcerated at the Ulster Correctional Facility in New York State (Id.). He was later transferred by the New York State Department of Correctional Services to the Willard Drug Treatment Campus in Seneca County, New York, within the jurisdiction of the Western District of New York.

Defendant admitted that he had been deported to Jamaica on June 28, 1993, and stated that he last re-entered the United States sometime in 1994 (Id.). However, prior to his indictment of May 9, 1997, defendant moved to "classify defendant as a national of the United States, and to transfer proceedings" to the federal judicial district where he resides (Item 3). Defendant alleges that the documents submitted with his motion and the information contained in his INS file are sufficient to present a *prima facie* case that he obtained automatic citizenship in 1981 as the minor child of a naturalized citizen pursuant to 8 U.S.C. § 1432(3), (4) and (5).

### DISCUSSION

Defendant relies on 8 U.S.C. § 1105a(a)(5), which pertains to judicial review of orders of

deportation and exclusion, to support his argument that transfer of the pending criminal proceeding to the Southern District of New York is warranted. Although not explicitly stated, defendant is apparently seeking to attack the validity of his 1993 deportation. Obviously, defendant cannot be found guilty of illegal re-entry if it is determined that he is, in fact, a United States citizen.

With respect to § 1105a(a)(5), defendant acknowledges that the statutory provision on which he relies was repealed by § 306(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. 104–208, Div. C, Title III, § 306(b), 110 Stat. 3009–1675. Nevertheless, he states that "it seems clear that the section of the law existing prior to the IIRAIRA applies to the instant case." Defendant provides no support for his conclusion, and upon reviewing the statute, this court disagrees. However, even accepting defendant's contention as correct, his motion must be denied.

Section 1105(a) states, in pertinent part:

(a) The procedure prescribed by, and all the provisions of sections 1031 to 1042 of Title 5, shall apply to, and shall be the sole and exclusive procedure for, the judicial review of all final orders of deportation heretofore or hereafter made against aliens within the United States pursuant to administrative proceedings under section 1252(b) of this title or comparable provisions of any prior Act, except that:

(5) whenever any petitioner, who seeks review of an order under this section, claims to be a national of the United States and makes a showing that his claim is not frivolous, the court shall (A) pass upon the issues presented when it appears from the pleadings and affidavits filed by the parties that no genuine issue of material fact is presented; or (B) where a genuine issue of material fact as to the petitioner's nationality is presented, transfer the proceedings to a United States district court for the district where the petitioner has his residence for hearing de novo of the nationality claim and determination as if such proceedings were originally initiated in the district court under the provisions of section 2201 of Title 28.

Subsection (a) of the provision in question provides that the procedure for judicial review of deportation orders will be the same as that described in 5 U.S.C. §§ 1031–1042. Those provisions, now codified at 28 U.S.C. §§ 2341–2352, vest the Courts of Appeals with exclusive jurisdiction to review final orders of designated federal agencies.

It is clear that Congress intended the Courts of Appeals to have exclusive jurisdiction to review deportation orders as well. In *Agosto v. INS*, 436 U.S. 748, 752–53, 98 S.Ct. 2081, 56 L.Ed.2d 677 (1978), the Supreme Court stated that "Congress enacted § 106 of the Immigration and Nationality Act, 8 U.S.C. § 1105a …, in order 'to create a single, separate, statutory form of judicial review of administrative orders for the deportation … of aliens from the United States.' HR REP. No. 1086, 87th Cong, 1st Sess, 22 (1961). This statutory provision *eliminated district court review of deportation orders* under § 10 of the Administrative Procedure Act, 5 U.S.C. § 702 (1976 ed) …, and replaced it with direct review in the courts of appeals based on the administrative record" (emphasis added). *See also, Foti v. Immigration Service,* 375 U.S. 217, 221, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963).

An exception was provided for cases where the person claiming citizenship raises a genuine issue of material fact as to his or her nationality. Then the Court of Appeals cannot rely solely on the administrative record, but must transfer the proceedings to the district court where the petitioner resides for a *de novo* hearing. *Agosto,* supra, 436 U.S. at 753–54; 8 U.S.C. § 1105a(a)(5).

Section 1105a(a)(5) is applicable only to final orders of deportation. The exclusive procedure by which a petitioner can challenge a final order, and thereby seek transfer to the district court where the petitioner resides for a hearing on the issue of his or her nationality, is to "file a petition to review the order in the court of appeals wherein venue lies." 28 U.S.C. § 2344; 8 U.S.C. § 1105a(a). This court has no jurisdiction to consider issues raised pursuant to 8 U.S.C. § 1105a(a).

It is further noted that, while § 1105a was repealed on September 30, 1996, new provisions similar to those of § 1105a(a)(5) were inserted at Pub.L. 104–206, Div. C, Title III, § 306(a), 110 Stat. 3009–1669. Again, however, Congress specified that the Courts of Appeals have exclusive jurisdiction over judicial review of a final order of removal. *Id.,* 110 Stat. at 3009–1666 ("Judicial review . . . is governed only by chapter 158 of title 28 of the United States Code [ §§ 2341–52], except as [otherwise] provided. . . .").

Accordingly, defendant's motion must be denied.

### CONCLUSION

For the reasons stated above, defendant's motion to transfer these proceedings to the Southern District of New York pursuant to 8 U.S.C. § 1105a(a)(5) for a hearing *de novo* on the issue of defendant's nationality (**Item 3**) is DENIED.

**SO ORDERED.**

June 23, 1997.